GEORGE W. MILLER

v.

VICTOR K. GLASS.

1. JUDGMENT IN EXCESS OF AD DAMNUM.—It is error to render judgment for a greater sum than that for which damages are claimed in the writ.

2. REMITTITUR.— Such an error can not be cured by entering a remittitur

Miller v. Glass.

in the appellate court, where execution has issued on such judgment and been satisfied by payment before suing out a writ of error.

Error to the Superior Court of Cook county, the Hon. Joseph E. Gary, Judge, presiding. Opinion filed October 26, 1882.

Mr. J. W. Waughop, for plaintiff in error; that it is error to render judgment in excess of the amount expressed in the *ad damnum*, cited Russell v. Hubbard, 59 Ill. 335; Buckles v. Northern Bank, 63 Ill. 268; Fourneir v. Faggott, 3 Scam. 347; Brown v. Phillips, 6 Bradwell, 250.

Mr. Gwynn Garnett, for defendant in error; that the error is cured by remittitur entered in this court, cited Pixley v. Boynton, 79 Ill. 351.

Bailey, P. J. In this case the damages are laid, in the plaintiff's declaration, at $900, while the judgment, which was by default, is for $963. This is an error which, unless obviated, clearly necessitates a reversal of the judgment.

The defendant in error, the plaintiff below, has sought to avail himself of the provisions of the eighty-first section of the Practice Act, by filing in this court a remittitur of $63, and now asks to have the judgment affirmed, less that sum. We are furnished, however, with a certified copy of an execution issued upon said judgment by the court below, and of the return of the sheriff thereon, from which it appears that before the writ of error in this case was sued out, said judgment had been satisfied in full by a levy upon and sale of the defendant's lands and tenements, and that the money thereby made had been paid over by the sheriff to the plaintiff. Under these circumstances it is apparent that a mere entry upon the record of a remittitur can not avail the plaintiff. Such entry is but an idle formality, since the damages which it assumes to remit are in the plaintiff's hands and remain there. It is, perhaps, doubtful whether, after the collection of the entire judgment, a remittitur can be entered at all; but if permissible, it certainly should, in order to be available, be ac-

companied by a restitution, in some form, of the damages re-
mitted.

It may be observed still further, that the statute makes the
allowance of a remittitur discretionary with this court. Such
discretion should not be exercised in favor of a plaintiff where,
as in this case, it would work manifest injustice to the de-
fendant. The remittitur is therefore disallowed, and the
judgment will accordingly be reversed and the cause re-
manded.

Judgment reversed.